# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **HIEP VAN NGUYEN** | **CIVIL CASE NO. 25-1560 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **LISA BOWEN, ET AL** | **MAGISTRATE JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Pending before the Court is an Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction filed by Hiep Van Nguyen ("Petitioner") (R. Doc. 6). Mellissa Harper, Todd Lyons, Kristi Noem, and Pamela Bondi (collectively, "Federal Respondents") oppose the Motion (R. Doc. 11). Having carefully considered Petitioner's submissions and the applicable law, the motion is **DENIED**.[1]

The record before the Court indicates that Petitioner, a citizen of Vietnam, was ordered to be removed from the United States and returned to Vietnam in September 2015.[2] Notwithstanding the removal order against her, she was granted a deferral of removal and was put on an Order of Supervision ("OSUP") by ICE.[3] During her 10 years of supervision, she maintained a stable residence, attended all required ICE check-ins, and renewed her Employment Authorization Document as permitted.[4] On

---

[1] Lisa Bowen was not included in the Federal Respondents' opposition. However, the Order of this Court denying the motion applies to her as well.
[2] *See* R. Doc. 1, ¶¶ 26–27.
[3] *See* R. Doc. 1, ¶ 27.
[4] *See* R. Doc. 6-1 at 5.

September 24, 2025, Petitioner was detained by ICE and held at Etowah Detention Center in Alabama.[5] Petitioner was later transferred to Richwood Detention Center in Monroe, Louisiana, where she is currently detained.[6] Petitioner asserts that "ICE abruptly revoked Petitioner's OSUP and detained her without notice, opportunity to be heard, or lawful findings required by statute and regulation."[7] Counsel for Petitioner claims that they "have not yet received confirmation of the OSUP revocation."[8]

To obtain a TRO or a preliminary injunction, a party must show (1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.[9] Elements three and four merge "when the Government is the opposing party."[10] The extraordinary relief of a temporary restraining order should not be granted unless the movant clearly carries the burden of persuasion as to all four elements.[11]

---

[5] *See* R. Doc. 6-1 at 5.
[6] *See* R. Doc. 6-1 at 5–6.
[7] *See* R. Doc. 6-1 at 5.
[8] *See* R. Doc. 6-1 at 5.
[9] *City of El Cenizo v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (citing *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012)); *see Texas v. United States*, 524 F. Supp. 3d 598, 651 (S.D. Tex. 2021) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)) ("The standard for deciding whether to issue a preliminary injunction is the same standard used to issue a temporary restraining order.").
[10] *Nken v. Holder*, 556 U.S. 418, 435-36 (2009).
[11] *Ocean Sky Int'l, LLC v. LIMU Co., LLC*, 2019 WL 4724803, Civ. Action No. 18-0528 (W.D. La. 09/26/2019 at *5.

Here, Petitioner's motion fails to satisfy the first element required for the Court to grant injunctive relief. As alleged by Petitioner, a final removal order is in place. The law is clear that the government may revoke supervision to enforce a removal order.[12] Petitioner provides no evidence—only conclusory allegations—that the official responsible for revocation lacked the necessary authority to do so. Federal Respondents attached, as exhibits, the removal order and revocation of release provided to Petitioner.[13] Further, Federal Respondents have shown that there is no legal impediment to Petitioner's removal to Vietnam.[14] Federal Respondents have requested Petitioner's travel document for removal to Vietnam, and it is anticipated that DHS will receive a travel document for her removal in the reasonably foreseeable future.[15] Under the evidence presented, the Court must conclude that Petitioner is not likely to succeed on the merits of her claim that the government violated its regulations when it revoked her supervision to effect her removal.

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction is **DENIED**.

**THUS DONE AND SIGNED** this 17th day of November, 2025.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[12] *See Ocean Sky Int'l*, 2019 WL 4724803, at *5.
[13] *See* R. Docs. 11-1 and 11-2.
[14] *See* R. Doc. 11-5.
[15] *See* R. Doc. 11 at 16.